FILED
CLERK, U.S. DISTRICT COURT
5/10/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___jb___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2022 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:23-cr-00225-MCS |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 924(c)(1)(A)(i): Carrying a Firearm During and in Relation to, and Possession of a Firearm in Furtherance of, a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| LEOBARDO RAMOS VERDUGO, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about February 27, 2023, in Santa Barbara County, within the Central District of California, defendant LEOBARDO RAMOS VERDUGO knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 128.046 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about February 27, 2023, in Santa Barbara County, within the Central District of California, defendant LEOBARDO RAMOS VERDUGO knowingly carried a firearm, namely, a Ruger, model P89, 9 mm caliber pistol, bearing serial number 309-21471, during and in relation to, and possessed that firearm in furtherance of, a drug trafficking crime, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count One of this Indictment.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about February 27, 2023, in Santa Barbara County, within the Central District of California, defendant LEOBARDO RAMOS VERDUGO knowingly possessed the following firearm and ammunition, in and affecting interstate and foreign commerce:

1. a Ruger, model P89, 9 mm caliber pistol, bearing serial number 309-21471;

2. three rounds of Winchester 9 mm Luger ammunition;

3. six rounds of Federal Cartridge Company (or another subsidiary of Vista Outdoor) 9 mm Luger ammunition;

4. three rounds of Zenith Quest International or the Mechanical and Chemical Industry Corporation 9 mm Luger ammunition;

5. two rounds of Magtech/Companhia Brasileira de Cartuchos 9 mm Luger ammunition; and

6. one round of Remington 9 mm Luger ammunition.

Defendant VERDUGO possessed the firearm and ammunition knowing that he had previously been convicted of at least one of the following crimes, each punishable by a term of imprisonment exceeding one year:

1. Inflicting Corporal Injury on a Spouse or Cohabitant, in violation of California Penal Code Section 273.5(a), in the Superior Court for the State of California, County of Ventura, Case No. 1310903FA, on or about September 29, 2009;

2. Possession of a Controlled Substance, in violation of California Health & Safety Code Section 11378, in the Superior Court for the State of California, County of Santa Barbara, Case No. 1504218, on or about September 28, 2017;

3. Being a Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Santa Barbara, Case No. 1481472, on or about September 28, 2017;

4. Being a Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Santa Barbara, Case No. 1502593, on or about September 28, 2017; and

5. Child Abuse Under Circumstances Likely to Produce Injury/Death, in violation of California Penal Code Section 273A(a), in the Superior Court for the State of California, County of Santa Barbara, Case No. 1504218, on or about September 28, 2017.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts Two and Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//
//

7

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                    A TRUE BILL

                        /S/
                    Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

LAURA A. ALEXANDER
Assistant United States Attorney
General Crimes Section